NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | : | **Hon. Dennis M. Cavanaugh** |
|---|---|---|
| TRACY LITTLE, | : | |
| | : | **OPINION** |
| Plaintiff, | : | |
| | : | Civil Action No. 07-CV-111 (DMC) |
| v. | : | |
| | : | |
| DISTRICT 1199-J NATIONAL UNION | : | |
| OF HOSPITAL AND HEALTHCARE, | : | |
| AFSCME, AFL-CIO, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant District 1199-J National Union of Hospital and Healthcare, AFSCME, AFL-CIO ("Defendant") for summary judgment pursuant to Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion for summary judgment is **granted**.

**I.   BACKGROUND**[1]

*Pro se* plaintiff Tracy Little ("Plaintiff") alleges that Defendant failed to properly represent him and did not pursue arbitration of his case after he was terminated from his job at Newark Beth Israel Hospital ("Hospital"). Plaintiff had criminal charges brought against him for

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

assault of a police officer in December of 2002. As a result of these charges, he was suspended and eventually terminated from his position at the Hospital. Both parties grieved Plaintiff's termination once they discovered it on January 20, 2003. By April 2006, Plaintiff became aware that Defendant was not going to arbitrate his case. Plaintiff asserts that Defendant's failure to arbitrate his claim constitutes a breach of the duty of fair representation ("DFR").

**II.   STANDARD OF REVIEW**

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See Fed R. Civ. P. 56 (c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. See id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See Fed R. Civ. P 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v.

Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III.   DISCUSSION

Plaintiff claims that Defendant's failure to arbitrate Plaintiff's grievance violates the Defendant's DFR. In Vaca v. Sipes, the Supreme Court of the United States stated that a union's duty of fair representation is breached when a union's conduct towards a member of its collective bargaining unit is "arbitrary, discriminatory, or in bad faith." 386 U.S. 171, 190 (1967). The Supreme Court later defined "arbitrary" as behavior that, "in light of the factual and legal landscape at the time of the union's actions," is "so far outside a "wide range of reasonableness" as to be irrational." See Air Line Pilots v. O'Neill, 499 U.S. 65, 67 (1991) (quoting Ford Motor Co. v. Huffman, 345 U.S. 330, 338 (1953)).

In the current case, Plaintiff must offer evidence that Defendant's conduct falls under one of the three prongs of the Vaca test. Plaintiff, however, fails to do so in his letters to the Court. Plaintiff is dissatisfied with the representation that he received, but dissatisfaction is insufficient grounds to bring the case to trial. Up until the Defendant's refusal to arbitrate, Defendant had been in constant contact with Plaintiff's employer regarding Plaintiff's criminal charges and the program that he would enter in order to get the charges cleared. Defendant provided Plaintiff with reasons for the lack of arbitration. Vaca also states that mere failure to arbitrate a grievance is insufficient to support a finding of a DFR breach absent evidence of arbitrary or bad-faith conduct. See 386 U.S. at 191. Plaintiff offers no such evidence and, therefore, Defendant is entitled to summary judgment.

**IV.     CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendant's motion for summary judgment is **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | July  1  , 2008 |
| Orig.: | Clerk |
| cc: | All Counsel of Record |
| | Hon. Mark Falk, U.S.M.J. |
| | File |